<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HARRISON R. HOGUE, | Civil Action No. 11-7329 (DRD) |
| Petitioner, | |
| v. | **OPINION** |
| NEW JERSEY STATE PRISON, et al., | |
| Respondents. | |

**APPEARANCES**:

> HARRISON R. HOGUE, #895894
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey 08625
> *Petitioner Pro Se*

> JOHN EDWIN ANDERSON, ESQ.
> ESSEX COUNTY PROSECUTOR
> 50 West Market Street
> Newark, New Jersey 07601
> *Attorneys for Respondents*

**Debevoise, Senior U.S. District Judge**

Harrison R. Hogue filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction filed in the Superior Court of New Jersey, Essex County, on September 29, 2000, and thereafter amended, which imposed a 30-year term of imprisonment for first-degree murder, fourth-degree unlawful possession of a knife, and third-degree possession of a weapon for an unlawful purpose.   After carefully reviewing the arguments of the parties and the state court record, this Court will dismiss the Petition with prejudice and deny a certificate of appealability.

## I.  BACKGROUND

**A.**    **The Crime**

The New Jersey Supreme Court summarized the facts of the case this way:

In April 1997, a garage owner discovered the dead body of Valerie Wilson, a Newark prostitute, abandoned in the weeds behind his auto repair shop.   Based on multiple visible stab wounds to her chest, as well as evidence of strangulation, the medical examiner concluded that Wilson's death was caused by sharp and blunt force injuries to her head, neck, and chest.   Investigators gathered forensic evidence from the scene, including fingernail clippings from the victim and a sample of blood taken from beneath the fingernails that indicated the presence of Type A blood.   They did not perform DNA testing at that time.   During the victim's autopsy, the medical examiner drew a vial of the victim's blood, but it was not refrigerated.   That failure caused the blood sample to degrade to the point that it could not be typed.

Approximately one year later, Freddie Dizly, a friend of defendant, advised the police that he had information regarding Wilson's murder.   Dizly claimed that after watching defendant and Ms. Wilson smoke cocaine, he saw defendant strangle Ms. Wilson.   Shortly thereafter, the police picked up defendant for questioning. After waiving his <u>Miranda</u> rights, defendant gave the police a formal statement in which he admitted that he knew Wilson and other prostitutes in the area, but claimed that he had not seen Wilson on the day of her murder.   Defendant also admitted that he always carried a "good knife and a good filet knife or ice pick." Based on defendant's formal statement and other evidence, the State charged defendant with Wilson's murder and two weapons offenses.

<u>State v. Hogue</u>, 175 N.J. 578, 580-81 (2003).

**B.**    **The State Court Proceedings**

Hogue was tried by a jury.   During the trial, defense counsel sought to have Hogue's blood

typed for comparison with the Type A blood found beneath Ms. Wilson's fingernails, but the trial

court denied the request on the ground that the results of the typing of Hogue's blood "would be

inadmissible because even if typing revealed that [Hogue] did not have Type A blood, that

evidence would not be 'clearly exculpatory' in light of the absence of any evidence of the victim's

blood test." <u>State v. Hogue</u>, 175 N.J. at 581.   The jury found Hogue guilty of first-degree murder, fourth-degree unlawful possession of a weapon (knife), and third-degree possession of a weapon for an unlawful purpose.   On September 29, 2000, the Law Division sentenced him to a 35-year term of imprisonment, with 30 years of parole ineligibility.   Hogue appealed.

While the direct appeal was pending, Hogue filed a motion in the Appellate Division for a partial remand in order to ask the Law Division judge to order the prosecutor to turn over for DNA testing the blood samples and fingernail clippings taken from Ms. Wilson and the blood found under her fingernails.   The Appellate Division denied the motion; Hogue sought leave to file an interlocutory appeal and the New Jersey Supreme Court granted the motion.   <u>See State v. Hogue,</u> 172 N.J. 351 (2002).   The New Jersey Supreme Court rejected the State's argument that Hogue should be required to wait for post-conviction relief proceedings to request the DNA testing and ordered a limited remand.   <u>Id.</u> at 583-84.   The DNA tests were granted and the DNA testing was performed.[1]  By letter dated June 7, 2004, Hogue's appellate attorney notified the Appellate Division Clerk that the results of the DNA testing did not warrant a new trial motion and asked that the appeal be returned to the active list.   (ECF No. 9-6 at 99.)

On November 19, 2004, the Appellate Division affirmed the convictions and remanded for the Law Division to merge the third-degree conviction for possession of a knife for an unlawful purpose with the murder conviction and to amend the judgment of conviction to impose a 30-year

---

[1] The DNA Report dated May 17, 2004, indicated that the DNA obtained from the nail clippings was from a female only and that the profile matched the DNA of Ms. Wilson.   The Report also stated that the DNA obtained from two condoms was from a male and that Hogue was not the source.   (ECF No. 9-6 at 96.)

term with 30 years of parole ineligibility.   See State v. Hogue, Docket No. A-1952-00T4 (N.J.

Super. Ct., App. Div., Nov. 19, 2004) (ECF No. 9-1.)   The New Jersey Supreme Court denied

certification on February 2, 2005.   See State v. Hogue, 182 N.J. 628 (2005) (table).

    In September 2005, Hogue filed a pro se post-conviction relief petition in the Law Division.

See State v. Hogue, 2010 WL 4056895 (N.J. Super. Ct., App. Div., Aug. 4, 2010) (ECF No. 9-6

at 121-139.)   On January 29, 2008, the Law Division denied the petition for post-conviction relief

in a written opinion without conducting an evidentiary hearing.   (ECF No. 9-6 at 140-155.)

Hogue appealed.   On August 4, 2010, the Appellate Division affirmed.   See State v. Hogue, 2010

WL 4056895 (N.J. Super. Ct., App. Div., Aug. 4, 2010).   On January 7, 2011, the New Jersey

Supreme Court denied certification.   See State v. Hogue, 205 N.J. 78 (2011) (table).

**C.    Procedural History of § 2254 Petition**

    The face of the § 2254 Petition shows that Hogue signed it on December 17, 2011, (ECF

No. 1 at 11), but the Clerk received the Petition on December 15, 2011.[2]   The Petition raises the

following grounds, which are set forth below verbatim:

> Ground One:   (1) DNA TEST RESULTS FROM CONDOMS TAKEN FROM
> CRIME SCENE DOES NOT MATCH DEFENDANT, (2) DEFENDANT [WAS]
> DENIED   [THE]   RIGHT   TO   CROSS-EXAMINE   SUBPOENAED
> EXCULPATORY WITNESSES JORGE VILLEGAS, AND HARRISON HOGUE
> JR., WHO BOTH GAVE TESTIMONY TO GRAND JURY AND TRIAL
> COURT[.]
>
> Ground Two:   MY ATTORNEY DID NOT FULLY INVESTIGATE MY CASE;
> HE DID   NOT REVIEW MY CASE, THE DISCOVERY AND THE STATE'S
> ALLEGATIONS   AGAINST   THE   EVIDENCE   PROVIDED,   WHICH
> COMPROMISED MY DEFENSE, AND RESULTED IN MY CONVICTION,

---

[2]  The Court presumes that the December 17, 2011, date on the § 2254 Petition and the cover letter
for the Petition are typographical errors.

ALL OF WHICH VIOLATED MY RIGHTS UNDER THE FEDERAL . . . CONSTITUTUION[].

Ground Three:   THE STATE[']S KNOWING DESTRUCTION OF MATERIAL EXCULPATORY EVIDENCE, THAT THE "BUS" (ALLEGED CRIME SCENE) WAS DESTROYED PRIOR TO DEFENDANT'S TRIAL WHICH DEPRIVED DEFENDANT OF THE OPPORTUNITY TO INVESTIGATE THE BUS CRIME/SCENE AND GATHER ANY POTENTIAL EVIDENCE WHICH HAD THE CAPACITY TO EXONERATE DEFENDANT[.]   THEREFORE[, THE] CONVICTION MUST BE OVERTURNED.

Ground Four:   WHETHER THE JURY AND STATE COURTS "ERRED" AND VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHTS WHEN THEIR DFEDCISIONMAKING AND COURTS['] "SPECIOUS RULINGS" FORCED DEFENDANT TO BECOME AN ENTRAPPED-VICTIM OF MALFEASANCE, EMBRACERY [SIC], USURPATION, ENTRAPMENT, AND "NON COMPLIANCE" OF THE CRIMINAL JUSTICE SYSTEM, WHEN STATE SPECIOUSLY IGNORED FACTS AND EVIDEN[CE].

(ECF No. 1 at 5-7.)

The State filed an Answer arguing that the Petition is barred by the 365-day statute of limitations, that the Petition should be dismissed because it includes an unexhausted ground, and that Hogue is not entitled to habeas relief on the merits of his claims.  (ECF No. 8.)   In reply, Hogue filed a lengthy memorandum together with annotated excerpts from newspaper articles, police reports, letters, transcripts, and other unidentifiable documents.   (ECF Nos. 14, 15.)

## II.   DISCUSSION

### A.   Statute of Limitations

Respondents argue that Hogue's § 2254 Petition is barred by the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") 365-day statute of limitations.   Although Hogue filed a lengthy response to the Answer, he did not address the statute of limitations issue.

The AEDPA provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court.  The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

Section 2244(d)(2) requires tolling of the limitations period under certain circumstances: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  An application is "filed" when it "is delivered to, and accepted by, the appropriate court officer for placement into the official record."  Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).  An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  Artuz, 531 U.S. at 8-9 (citations omitted); see also Allen v. Siebert, 552 U.S. 3 (2007) (petition for state post-conviction relief that was rejected by the state courts as untimely is not "properly filed" under § 2244(d)(2)).

In this case, the statute of limitations is governed by § 2244(d)(1)(A).  The New Jersey Supreme Court denied certification on direct review on February 2, 2005.  See State v. Hogue,

182 N.J. 628 (2005) (table).   The time for Hogue to file a petition for certiorari in the United States Supreme Court expired 90 days later on May 4, 2005.   See Gonzalez v. Thaler, 132 S.Ct. 641, 653-54 (2012); Wali v. Kholi, 131 S. Ct. 1278, 1282 (2011); Lawrence v. Florida, 549 U.S. 327, 332-333 (2007); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003).   The limitations period began the next day, May 5, 2005, and ran for 120 days until Hogue filed his post-conviction relief petition in the trial court on September 1, 2005.[3]   Because nothing indicates that Hogue's post-conviction relief petition was not properly filed, the September 1, 2005, filing date triggered statutory tolling under 28 U.S.C. § 2244(d)(2).   Statutory tolling ended on January 7, 2011, the date on which the New Jersey Supreme Court denied certification with respect to Hogue's post-conviction relief petition.   See State v. Hogue, 205 N.J. 78 (2011) (table).   In the absence of equitable tolling, the statute of limitations picked up at day 121 on January 8, 2011, and ran for the next 245 days until it expired on Friday, September 9, 2011.   Because Hogue filed his § 2254 Petition on December 15, 2011,[4] more than three months after the statute of limitations expired, the Petition is time barred in the absence of equitable tolling.

---

[3] The State argues that Hogue's post-conviction relief petition was filed on April 19, 2006, and that the Law Division "incorrectly cited the date Petitioner filed his PCR on or about September 1, 2005." (ECF No. 8 at 45-46.)   The record provides no support for the April 19, 2006, filing date.   Because the Law Division and the Appellate Division opinions state that the petition for post-conviction relief was filed in September 2005, (ECF Nos. 9-6 at 143; State v. Hogue, 2010 WL 4056895 at *1), this Court will use the earliest possible filing date consistent with the record, i.e., September 1, 2005, to calculate the date on which the limitations period was statutorily tolled.

[4] As previously noted, the face of the § 2254 Petition shows that Hogue signed it on December 17, 2011.   (ECF No. 1 at 11.)   The cover letter also contains the date of December 17, 2011. (ECF No. 1-10.)   But the docket indicates that the Petition was filed on December 15, 2011.   In the absence of evidence showing the date on which Hogue handed the Petition to prison officials for mailing, this Court will use the date of December 15, 2011, to determine the timeliness of the Petition, as it is possible that someone hand-delivered the Petition to the Clerk for Hogue.   In any

**B.      Equitable Tolling**

Although Hogue does not argue that equitable tolling is warranted, the Court will consider the issue <u>sua</u> <u>sponte</u>, as the one year statute of limitations is subject to equitable tolling.  <u>See</u> <u>McQuiggin v. Perkins</u>, 133 S.Ct. 1924, 1931 (2013); <u>Holland v. Florida</u>, 560 U.S. 631, 645 (2010); <u>Ross v. Varano</u>, 712 F.3d 784, 798-800 (3d Cir. 2013).   A court extends the remedy of equitable tolling "sparingly," "when principles of equity would make the rigid application of a limitation period unfair."  <u>Jenkins v. Superintendent of Laurel Highlands</u>, 705 F.3d 80, 89 (3d Cir. 2013) (citations and internal quotation marks omitted).   A habeas "'petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  <u>McQuiggin</u>, 133 S.Ct. at 1931 (quoting <u>Holland</u>, 560 U.S. at 649) (internal quotation marks omitted).   A court must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case."  <u>Holland</u>, 560 U.S. at 650.

Although "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling,"  <u>Holland</u>, 569 U.S. at 652 (citations and internal quotation marks omitted), extraordinary circumstances may be found where unprofessional attorney conduct is egregious or where a client is effectively abandoned by his lawyer.  <u>Id.</u> at 651.   Other potentially extraordinary situations may be found on

---

event, even if the Court were to presume that Hogue handed the Petition to prison officials three days before the Clerk received it on December 15, 2011, the Petition would still be time barred.

the basis of the petitioner's "inability to read or understand English, combined with denial of access to translation or legal assistance," <u>Pabon v. Mahanoy</u>, 654 F.3d 385, 400 (3d Cir. 2011), and "where a court has misled a party regarding the steps that the party needs to take to preserve a claim." <u>Munchinski v. Wilson</u>, 694 F.3d 308, 329-330 (3d Cir. 2012) (quoting <u>Brinson v. Vaughn</u>, 398 F.3d 225, 230 (3d Cir. 2005)).

After reviewing the record in this case and, in particular, the state court opinions on direct appeal and on post-conviction relief, this Court discerns no basis for equitable tolling of the statute of limitations. Because Hogue filed his § 2254 Petition after the 365-day statute of limitations expired and he has not shown that extraordinary circumstances prevented him from timely filing his § 2254 Petition, this Court will dismiss the Petition as time barred.

### III.   CERTIFICATE OF APPEALABILITY

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as time barred is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV.   CONCLUSION

This Court dismisses the Petition with prejudice and denies a certificate of appealability.


_____s/Dickinson R. Debevoise_____

**DICKINSON R. DEBEVOISE**

**U.S.S.D.J.**

Dated:   April 22, 2015

10